1

2                                UNITED STATES DISTRICT COURT

3                               NORTHERN DISTRICT OF CALIFORNIA

4

5    CORREY MITCHELL,                              Case No. 20-cv-04114-YGR (PR)

                     Plaintiff,
6                                                  **ORDER OF DISMISSAL WITH LEAVE
7           v.                                     TO AMEND**

8    DR. KIM, et al.,

                     Defendants.
9

10   **I.      INTRODUCTION**

11          Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility, has

12   filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He alleges violations of

13   his constitutional rights by prison officials and medical staff at Salinas Valley State Prison

14   ("SVSP"), where he was formerly incarcerated.  Dkt. 1.  The Court will grant his motion for leave

15   to proceed *in forma pauperis* in a separate written Order.

16          In his complaint, Plaintiff names the following Defendants at SVSP: B-Facility Primary

17   Care Provider Dr. Kim; Associate Warden P. Sullivan; Health Care Compliance Analysts L.

18   Gambod and L. Sainz; Health Care Grievance Representative A. Villanueva; Custody Appeals

19   Representative C. Martella; Acting Health Care and Safety Chief Executive Officer S. Sawyer;

20   and ADA[1] Coordinator/Designee R. Mojica.  Dkt. 1 at 5.[2]  Plaintiff seeks compensatory and

21   punitive damages.  *Id.* at 10.

22          Venue is proper because certain events giving rise to the claims are alleged to have

23   occurred at SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

24          Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with

25   leave to amend.

26   _____

27          [1] ADA refers to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.*

28          [2] Page number citations refer to those assigned by the Court's electronic case management
     filing system and not those assigned by Plaintiff.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

United States District Court
Northern District of California

1    A supervisor may be liable under section 1983 upon a showing of personal involvement in

2    the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful

3    conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446

4    (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for

5    constitutional violations of his subordinates if the supervisor participated in or directed the

6    violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d

7    1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so

8    deficient that the policy itself is a repudiation of constitutional rights and is the moving force of

9    the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917

10   (9th Cir. 2001).

11        **B.    Legal Claims**

12        Plaintiff, who claims to be "leaf-ear deaf" and to suffer from tinnitus, alleges multiple

13   claims: (1) a claim of deliberate indifference to his serious medical needs in violation of his Eighth

14   Amendment rights, stemming from the delay in providing Plaintiff with his hearing aids treatment;

15   (2) a violation of his "ADA rights" for Defendants' failure to provide hearing aids; and

16   (3) retaliation by Defendant Kim due to Plaintiff filing a health care grievance. Dkt. 1 at 9-10.

17        **1.   Section 1983 Claims**

18        As mentioned above, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege two

19   elements: (1) that a right secured by the Constitution or laws of the United States was violated and

20   (2) that the violation was committed by a person acting under the color of state law. *See West*, 487

21   U.S. at 48. However, in its present state, the complaint fails to state a claim against a viable

22   defendant and therefore must be dismissed. Leave to amend is granted so that Plaintiff may

23   attempt to file an amended complaint that cures the deficiencies discussed in this Order.

24        Deliberate indifference to a prisoner's serious medical needs violates the Eighth

25   Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97,

26   104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth

27   Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious

28   medical need, and (2) deliberate indifference thereto by a defendant. The subjective deliberate

United States District Court
Northern District of California

1   indifference standard that applies in an Eighth Amendment claim requires that the official know of

2   and disregard an excessive risk to inmate health or safety.  *See Farmer v. Brennan*, 511 U.S. 825,

3   837 (1994).  "[T]he official must both be aware of facts from which the inference could be drawn

4   that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*  A claim of

5   medical malpractice or negligence is insufficient to make out a violation of the Eighth

6   Amendment.  *See Toguchi*, 391 F.3d at 1060-61.

7       As mentioned above, Plaintiff raises a deliberate indifference claim based on Defendants'

8   alleged failure to provide him with his hearing aids treatment.  Dkt. 1 at 9.  As background for his

9   claim, Plaintiff states that on October 17, 2019, he was evaluated by an audiologist named, Dr.

10  Larry Solow, who is not a party in this suit.  *Id.* at 5.  Dr. Solow explained Plaintiff's background

11  in the evaluation as follows: "This 47 year old man reports being shot in the left ear in 2015.  Ever

12  since then, he has not heard in that ear.  He also reports occasional tinnitus in that ear."  *Id.* at 7.

13  Dr. Solow stated the following recommendations:

14          I do not think a hearing aid would help his left ear; however, a CROS[3]
            hearing aid that has a microphone on the deaf ear and a receiver on
15          the good ear might be worth trying.  That would allow him to hear
            from the deaf side into the hearing side and give him some
16          localization.  If that does not work for him then he might be a
            candidate for a cochlear implant.  I would recommend a hearing aid
17          evaluation for this and I would also include trying a hearing aid on his
            left ear to see if it would help."
18
    *Id.* (footnote added).  On December 12, 2019, "after 55 days of not receiving the recommended

19  treatment outlined by Dr. Larry Solow (Audiologist), Plaintiff submitted a ([CDCR Form] 1824)

20  Reasonable Accommodation Request."  *Id.*  Plaintiff then claims that on December 30, 2019,

21  "(Defendants') Reasonable Accommodation Panel's (RAP's) final response, in relevant part to

22  this civil action "Your request for hearing aids is approved . . . ."  *Id.* at 6.  The response further

23  stated:

24          Based on your evaluation, the audiologist recommended BiCROS[4]

25  _____

26          [3] CROS stands for contralateral routing of signal, or "CROS" system.  There are two
    hearing aid systems that use CROS technology, which are known as CROS and BiCROS hearing
27  aids.  *See* https://www.hear.com/hearing-aids/cros-bicros/ (last accessed on January 8, 2021).

28          [4] BiCROS hearing aids (bilateral microphones with contralateral routing of signal) are
    designed for people who have bilateral hearing loss, or hearing loss in both ears.  *See*

United States District Court
Northern District of California

> System hearing aids.  Once the institution receives the hearing aids, you will be evaluated to ensure they fit properly and also provide you instruction in the proper use of them.

*Id.* (footnote added).

Plaintiff states that he was seen by Defendant Kim, his primary care physician, on December 26, 2019 and the doctor stated: "You will be getting the CROS hearing aids."  *Id.* Plaintiff claims that the Dr. Kim ended the video appointment abruptly after Plaintiff asked the doctor about any treatment for tinnitus, to which the doctor responded as follows: "There is no cure for tinnitus, and I'm done with you Mr. Mitchell.  Treatment denied."  *Id.*

On that same date, December 26, 2019, Plaintiff submitted a health care grievance complaining of Defendant Kim's conduct.  *Id.*

On January 31, 2020, Plaintiff again asked for treatment for his tinnitus, and he was seen again by Defendant Kim, who "told Plaintiff in a very aggressive manner, 'No.  If you want treatment, finish your 602.'  Plaintiff took this statement to mean because of the December 26, 2019 Health Care Grievance, Plaintiff would not be treated further."  *Id.* at 6-7.  Plaintiff claims that thereafter, Defendant Kim "ordered two potentially harmful tests on January 9, 20[20] and February 6, 2020[:] Magnetic Resonance Imaging scans (1) for Plaintiff's full brain, [and (2)] for the left auditory canal."  *Id.*  Plaintiff claims that Defendant Kim's "sole purpose in these actions were to cause [him] further pain and harm to the serious medical need, because [he] exercised his First Amendment rights on December 26, 2019."  *Id.*  Thus, Plaintiff "did not subject himself to these tests."  *Id.*  As of the date he signed the complaint on June 6, 2020, Plaintiff claims that he has not been provided his hearing aids treatment even though "[i]t has been nearly 8 months since the audiologist's recommendation."  *Id.* at 8.  He adds that on March 3, 2020, he has been "diagnosed with depression . . . [d]ue to the lack of hearing aids and insomnia . . . ."  *Id.*

Plaintiff claims in a conclusory manner that Defendants "are fully aware of [his] serious medical needs, [i.e.,] hearing impaired left-ear deaf" and "completely disregarded [his] serious medical needs by not supplying the BiCROS hearing aids."  *Id.* (footnote added).  However, based

---

https://www.hear.com/hearing-aids/cros-bicros/ (last accessed on January 8, 2021).

1    on the aforementioned summary of his claims in the complaint, the Court finds that Plaintiff fails

2    to support his claim of deliberate indifference.  While Plaintiff claims that he still has not received

3    his hearing aids, he fails to link each named Defendant to any specific acts of deliberate

4    indifference, including the alleged failure to provide his hearing aids treatment.  He must allege

5    facts in his amended complaint showing both a serious medical need and deliberate indifference

6    thereto by each named Defendant.

7            As to Plaintiff's claim of retaliation by Defendant Kim, the Court finds Plaintiff also fails

8    to state a cognizable claim.  Retaliation by a state actor for the exercise of a constitutional right is

9    actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have

10   been proper.  *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).  "Within the

11   prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An

12   assertion that a state actor took some adverse action against a prisoner (2) because of (3) that

13   prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

14   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

15   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff's allegations fail to state a

16   cognizable claim for retaliation as he has failed to allege facts that show the alleged retaliatory

17   actions of which he complains (i.e., Defendant Kim's statements on January 31, 2020 and the

18   MRIs ordered) were taken because of Plaintiff's protected conduct.  *See* Dkt. 1 at 6-7.  Without

19   allegations of protected conduct and knowledge of such conduct by Defendant Kim, no claim for

20   retaliation is stated.  Accordingly, Plaintiff's retaliation claim will be dismissed with leave to

21   amend.  Plaintiff may, however, file an amended complaint if he can in good faith allege facts,

22   subject to proof, that cure the pleading deficiencies noted above.

23           **2.  The ADA Claim**

24           The ADA and section 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C.

25   § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services

26   or activities of a public entity. Federal regulations require a public entity to "make reasonable

27   modifications in policies, practices, or procedures when the modifications are necessary to avoid

28   discrimination on the basis of disability, unless the public entity can demonstrate that making the

United States District Court
Northern District of California

6

1    modifications would fundamentally alter the nature of the service, program or activity."  28 C.F.R.

2    § 35.130(b)(7).

3          The elements of a cause of action under Title II of the ADA are:  (1) the plaintiff is an

4    individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the

5    benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

6    excluded from participation in or denied the benefits of the public entity's services, programs or

7    activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

8    denial of benefits, or discrimination was by reason of the plaintiff's disability.  *Thompson v.*

9    *Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  A cause of action under section 504 of the RA

10   essentially parallels an ADA cause of action.  *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999);

11   *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

12         Plaintiff's allegation that the "failure to provide hearing aids has violated [his] due process

13   equal rights" alone is not enough to state a claim under the ADA.  Most notably, he does not

14   allege facts suggesting that he is an individual with a disability such that he would be a proper

15   plaintiff to assert an ADA claim.  Additionally, he has not identified a proper defendant for a

16   claim under the ADA or RA.  The proper defendant for a claim under Title II of the ADA and

17   section 504 of the RA is the public entity responsible for the alleged discrimination.  *See Everson*

18   *v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch.*

19   *Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue).  Title II of the ADA

20   does not provide for suit against a public official acting in his individual capacity.  *Everson*, 556

21   F.3d at 501.  A plaintiff also cannot assert a claim under section 1983 against Defendants in their

22   individual capacities to vindicate rights created by the ADA and the RA.  *See Vinson v. Thomas*,

23   288 F.3d 1145, 1156 (9th Cir. 2002).

24         Leave to amend is granted so that Plaintiff may attempt to allege a claim under the ADA

25   and RA.  Here, the proper defendants for a claim under the ADA and RA would be the entity that

26   runs the prison in which the alleged acts in violation of the ADA occurred.  He also must allege

27   specific facts showing a violation of his rights under the ADA and RA.

28

United States District Court
Northern District of California

### 3. Exhaustion

Finally, Plaintiff is further cautioned that he must have exhausted his administrative remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of Plaintiff's complaint, it does not appear that he has exhausted his administrative remedies as to *all* his aforementioned claims.

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's complaint is DISMISSED with leave to amend.

2.      Within **twenty-eight (28)** days from the date of this Order, Plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, Case No. 20-cv-04114-YGR (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference. Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258,

United States District Court
Northern District of California

1   1262 (9th Cir. 1992).

2       4.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

3   informed of any change of address and must comply with the Court's orders in a timely fashion.

4   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

5   while an action is pending must file a notice of change of address promptly, specifying the new

6   address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

7   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

8   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

9   *se* party indicating a current address.  *See* L.R. 3-11(b).

10       5.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along

11   with his copy of this Order.

12       IT IS SO ORDERED.

13   Dated:  January 15, 2021

14   _____

15   JUDGE YVONNE GONZALEZ ROGERS
    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9